United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-51163
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY RAY PENNELL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:02-CR-284-ALL
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Terry Ray Pennell was convicted by a jury of wire fraud, engaging in monetary transactions in property derived from unlawful activity, and laundering monetary instruments. Previously, we affirmed the district court's loss calculation but we vacated Pennell's sentence and remanded for resentencing under United States v. Booker, 543 U.S. 220 (2005). United States v. Pennell, 409 F.3d 240, 245-46 (5th Cir. 2005). On remand, the district court deviated downward in sentencing Pennell to concurrent 36-month terms of imprisonment and to concurrent

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

three-year periods of supervised release. The district court again ordered Pennell to pay $234,552.48 in restitution. Pennell gave timely notice of his appeal.

Pennell contends that the amount of the loss should have been determined by the jury rather than the district court. Pennell was sentenced on remand pursuant to advisory guidelines. There was no Sixth Amendment violation. See United States v. Johnson, 445 F.3d 793, 797-98 (5th Cir. 2006). Pennell contends also that the district court erred in determining that the actual loss was $234,552.48. He contends that the district court should not have included in that sum a $37,000 term loan. This issue exceeds the scope of our remand order. See United States v. Hamilton, 440 F.3d 693, 697-99 (5th Cir. 2006). The judgment is AFFIRMED.